*Exhibit B*

**INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION**

**CURTIS WILSON V. HI TORK POWER, INC., AND BRETT RAGGIO**

(a)     Plaintiff's Original Petition;

(b)     Demand for Jury Trial;

(c)     Request for Citation on Brett Raggio;

(d)     Request for Citation on Hi Tork Power, Inc.;

(e)     Notice of Status Conference;

(f)     Citation to Brett Raggio (Unserved);

(g)     Executed Citation on Hi Tork Power, Inc.;

(h)     Defendant Hi Tork Power, Inc.'s Original Answer;

(i)     Defendant Hi Tork Power, Inc.'s Demand for Jury Trial; and

(j)     Docket Sheet

*Exhibit B*

Filed
11/25/2019 5:36 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NO. _____

CV-0085645

| | | |
|---|---|---|
| Curtis Wilson, | § | COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUMBER_____ |
| | § | |
| Hi Tork Power, Inc. | § | Galveston County - County Court at Law No. 1 |
| and Brett Raggio | § | |
| | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Curtis Wilson, (hereinafter "Plaintiff"), complaining of Hi Tork Power, Inc. and Brett Raggio (hereinafter "Defendants"), and for cause of action would respectfully show the Court the following:

### I.

### Discovery Level

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted arise under the common laws of Texas. This Court has personal jurisdiction over Defendants and venue is proper because at least one Defendant is a resident of this County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002.

### III.

### Parties

3. Plaintiff is a resident of South Carolina.

*Exhibit B*

4.     Defendant Hi Tork Power, Inc. ("Hi Tork") a Texas company with its principal place of business in Galveston County, Texas. This Defendant that may be served through its registered agent of process, Jorge Tijerina, Sr. at 1330 Shrub Oak Dr., League City, TX 77573, or wherever it may be found.

5.     Defendant Brett Raggio ("Raggio") is a resident of Louisiana. This Defendant can be served with process at 103 Wilder Circle, Lafayette, LA 70508, or wherever he may be found.

## IV.

### Facts

6.     On or about October 14, 2019, Plaintiff suffered significant bodily injuries as a result of Defendants' negligence and gross negligence. Specifically, Plaintiff was traveling on Interstate 20 in Texas, when suddenly, his vehicle was violently struck by Defendants' vehicle. Specifically, upon information and belief, Defendant Raggio failed to maintain his speed and instead, slammed into the rear of Plaintiff's vehicle. Upon information and belief, Defendant Raggio was operating his vehicle while distracted at the time of this incident.  Defendants' vehicle was owned by Defendant Hi Tork and was being driven by Defendant Raggio, an employee of Defendant Hi Tork. At all relevant times, Defendant Raggio was acting in the course and scope of his employment with Defendant Hi Tork, and acting in furtherance of a mission for Defendant Hi Tork's benefit and subject to its control.

As a result of the incident in question, Plaintiff suffered severe injuries to his neck, back, and other parts of his body. Plaintiff has sought medical treatment for these injures since the incident, and will likely require significant medical treatment in the future.

## V.

### Causes of Action

*A.     Negligence and Gross Negligence Against All Defendants.*

*Exhibit B*

7.    Plaintiff repeats and realleges each allegation contained above.

8.    Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a proper speed;

- Failed to exercise caution;

- Failed to pay attention to their surroundings;

- Failed to maintain a single lane;

- Failed to safely change lanes;

- Failed to operate their vehicle safely;

- Failed to keep a proper lookout;

- Operated the vehicle while distracted;

- Violated applicable rules, regulations and traffic laws;

- Failed to train their driver; and

- Other acts deemed negligent and grossly negligent.

9.    Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries. Defendant Hi Tork is liable for the actions of their driver under the theories of vicarious liability and ratification. Defendant Hi Tork is also liable for its own grossly negligent hiring, training, retention, entrustment, supervision, and monitoring as discussed below. Finally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages against both Defendants.

*Exhibit B*

**B.**        ***Negligence Per Se Against All Defendants.***

10.        Plaintiff repeats and realleges each allegation contained above.

11.        Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code;

12.        Plaintiff is a member of the class that the Texas Transportation Code is designed to protect; and

13.        Plaintiff's injuries are of the class that Texas Transportation Code is designed to protect.

**PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST
DEFENDANT HI TORK**

14.        At the time of the occurrence of the act in question and immediately prior thereto, Defendant Raggio was within the course and scope of employment for Defendant Hi Tork.

15.        At the time of the occurrence of the act in question and immediately prior thereto, Defendant Raggio was engaged in the furtherance of Defendant Hi Tork's business.

16.        At the time of the occurrence of the act in question and immediately prior thereto, Defendant Raggio was engaged in accomplishing a task for which Defendant Raggio was employed.

17.        Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant Hi Tork.

**AGENCY**

18.        At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Hi Tork, occurred within the scope of the actual or apparent authority of such person on behalf of this Defendant.

19.        Therefore, Defendant Hi Tork is liable to Plaintiff for the acts and/or omissions of

*Exhibit B*

any such agent, representative or employee complained of herein by virtue of such agency relationship.

**C.      *Negligent Hiring (against Hi Tork)***

20.     Plaintiff repeats and realleges each allegation contained above.

21.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant Hi Tork's:

- Failure to conduct a reasonable and adequate interview of Defendant Raggio as a potential employee.

- Failure to properly follow up on information not provided by Defendant Raggio in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Defendant Raggio's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Raggio.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a commercial vehicle on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.      *Negligent Training (against Hi Tork)***

22.     Plaintiff repeats and realleges each and every allegation contained above.

23.     Plaintiff sustained injuries as a result of Defendant Hi Tork's negligent training because of Defendant Hi Tork's:

- Failure to explain and demonstrate its safety policies and procedures;

- Failure to provide the necessary training to Defendant Raggio regarding driving the vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and necessity

5

of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicles in various situations;

- Failure to train its drivers in all aspects of driver safety;

- Failure to train its employees, including Defendant Raggio, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstance; and

- Failure to provide and/or require regular follow-up driver education training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.    *Negligent Supervision, Retention, and Monitoring (against Hi Tork)***

24.    Plaintiff repeats and realleges each allegation contained above.

25.    Plaintiff sustained injuries as a result of Defendant Hi Tork's negligent supervision,

retention and monitoring because of Defendant Hi Tork's:

- Failure to monitor Defendant Raggio to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Raggio to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Raggio, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Raggio to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**F.    *Negligent Entrustment (against Hi Tork)***

26.    Plaintiff repeats and realleges each allegation contained above.

27.     Plaintiff sustained injuries as a result of Defendant Hi Tork's negligent entrustment because Defendant Hi Tork:

- Provided a vehicle to Defendant Raggio who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**G.     *Ratification (against Hi Tork).***

28.     Plaintiff repeats and re-alleges each allegation contained above.

29.     Defendant Hi Tork is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant Hi Tork:

- Retained its driver after he committed the underlying tortious acts;

- Knew of its driver's tortious acts;

- Recognized that its driver will likely continue to be negligent if he is retained;

- Recognized that its driver will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent its driver from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Defendant Hi Tork gained knowledge of the conduct.

30.     As a result of Defendant Raggio's negligent and grossly negligent conduct, which Defendant Hi Tork ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**VI.**

**Damages**

As a result of Defendants' negligence, gross negligence and premises liability, Plaintiff has

*Exhibit B*

suffered and seeks recovery for the following in an amount in excess of $1,000,000.00 Specifically, Plaintiff, Curtis Wilson, was caused to suffer severe personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish. Plaintiff prays for relief and judgment as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre and post-judgment) in accordance with the law;

- Costs of Court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VII.

## <u>Prayer</u>

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs

*Exhibit B*

of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

## VIII.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*
Kurt B. Arnold
SBN:  24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Kala F. Sellers
SBN: 24087519
ksellers@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. CV-0085645

| | | |
|---|---|---|
| Curtis Wilson, | § | COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUMBER 1 |
| | § | |
| Hi Tork Power, Inc. | § | |
| and Brett Raggio | § | |
| | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS, AND
### REQUEST FOR DISCLOSURES TO DEFENDANTS

TO:    Defendants Hi Tork Power, Inc. by serving its Registered Agent, Jorge Tijerina Sr, 1330
       Shrub Oak Drive, League City, Texas 77573; and

       Brett Raggio, by serving him at his residence, 103 Wilder Circle, Lafayette, LA 70508.

       Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendants respond

to Plaintiff's interrogatories and produce for inspection and copying the documents and tangible

things requested herein.  Defendant shall file written responses to this request within fifty (50)

days after the date of service.  Defendants shall provide the requested documents for inspection

and copying at the law offices of Arnold & Itkin LLP, 6009 Memorial Drive, Houston, Texas

77007.

### I.

### DEFINITIONS AND INSTRUCTIONS

1.      Under the Texas Rules of Civil Procedure, you are under a duty to amend a prior answer to an
        interrogatory if it obtains obtain information upon the basis of which:

        a.   You know that the answer was incorrect when made; or
        b.   You know that the answer, though correct when made, is no longer true and
             the circumstances are such that a failure to amend the answer is in substance
             a knowing concealment.

2.  The terms **"you," "your," "yours", "Defendant"** or **"Defendants"** shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity action on your behalf.

3.  The terms **"document"** or **"documents"** shall mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

4.  You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

5.  With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

2

6.     All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

7.     Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

8.     This Document Request requires you amend or supplement your production of documents called for by this Document Request.

9.     In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

10.    Plaintiff requests that you provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege.  Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege.  Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

11.    If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

12.    Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business.

   a.    If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, You may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form.  Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

   b.    The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |

3

| WordPerfect documents | .WPD |
|---|---|
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard).<br><br>For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.<br><br>For Lotus Notes mail, furnish .NSF files or convert to .PST.<br><br>If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

    c.      You need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer regarding programmatic database productions as necessary.

    d.      Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

    e.      You need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

    f.      Production should be made using appropriate electronic media of your choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff or Plaintiff's counsel as recipients. You must, contemporaneously

4

with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

g.   Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

   i.   The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

   ii.  The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

   iii. The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

   iv.  By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h.   Documents designated Confidential may, at your option:

   i.   Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

   ii.  Each such designated document shall have appended to the file's name (immediately following its Bates identifier) the following protective legend:~CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ CAUSE_MDL-14-0123

i.   You shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| FIELD |
| --- |
| BeginBates |
| EndBates |
| BeginAttach |
| EndAttach |
| Custodian/Source |
| Source File Name |

5

*Exhibit*

| Source File Path |
| --- |
| From/Author |
| To |
| CC |
| BCC |
| Date Sent |
| Time Sent |
| Subject/Title |
| Last Modified Date |
| Last Modified Time |
| DOCUMENT Type |
| Redacted Flag (yes/no) |
| Hidden Content/Embedded Objects Flag (yes/no) |
| Confidential flag (yes/no) |
| MD5 Hash value |
| Hash De-Duplicated Instances (by full path) |

j.    Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

k.    Respond to each request for production by listing the unique identifier (Bates-style) numbers/ranges of responsive documents produced.

l.    If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

m.    It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

n.    If you believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which you believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law,

6

Plaintiffs will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiffs expressly reserve the right to challenge any such redaction.

    o.    Your response to each Request for Production should include the unique identifier numbers/ranges that identify the documents responsive to that particular request. For instance, if, in response to Request for Production No. 3, You are producing 50 documents, your response should identify the unique identifier numbers for those 50 documents.

13.    The terms **"and/or"**, **"or"**, and **"and"** are used inclusively, not exclusively.

14.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

15.    The terms **"identify"** or **"identity"** when used herein means:

    a.    With respect to a <u>**natural person,**</u> all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

    b.    With respect to an <u>**entity or organization which is not a natural person,**</u> all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

    c.    With respect to <u>**documents,**</u> all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

    d.    With respect to a <u>**physical object,**</u> all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

    e.    With respect to an <u>**event**</u>, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

16.    The terms "**custodial document**", "**custodial documents**", "**custodial file**", or "**custodial files**" shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If you have failed to

7

preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

17.     The terms "**communication**" or "**communications**" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

18.     The term "**information**" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

19.     The terms "**person**" or "**persons**" includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

20.     The terms "**entity**" or "**entities**" includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

21.     The terms "**expert**", "**experts**", "**expert witness**", or "**expert witnesses**" shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

22.     The terms "**concerning**" or "**relating to**" shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

23.     The terms "**describe**" or "**describing**" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

24.     The terms "**evidencing**" shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

25.     The term "**damages**" shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

8

*Exhibit 3*

26. The terms "**accident**", "**incident**", or "**occurrence**" shall mean, unless otherwise indicated, the events which give rise to this lawsuit.

27. The terms "**JSA**", "**JHA**", "**job safety analysis**", or "**job hazard analysis**" include without limitation, all safety meeting minutes, reports, handouts, documents, or other related materials.

28. The terms "**defendant driver**" or "**driver**" shall refer to the operator of your vehicle at the time of the accident in question.

29. The term "**vehicle**" shall refer your vehicle(s) where involved in the incident made the basis of this suit, any attached tractor, sleeper, bed, and/or trailer, and any equipment or appearances attached thereto.

30. The term "**ECM**" shall mean electronic control module.

31. The term "**DOT**" shall refer to the Department of Transportation.

32. The term "**FMCSR**" shall refer to the Federal Motor Carrier Safety Regulations.

33. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

9

## II.

### Interrogatories

1. Has this Defendant been sued in its correct name? If not, state the correct name.

2. State when, where and under what circumstances you first became aware that Plaintiff was claiming to have sustained the injuries made the basis of this lawsuit.

3. Identify who owned and/or leased the Vehicle that was involved in the collision described in Plaintiff's Original Petition.

4. Did the person operating the Vehicle at the time of the underlying accident have your permission or authorization to operate your Vehicle at the time and place of the underlying accident?

5. If Defendant investigated the driving record of Defendant Driver before entrusting its vehicle to him/her, please state in detail (1) who was involved in the investigation; and (2) what the investigation revealed.

6. State where Defendant Driver was coming from and where Defendant Driver was going to at the time of the incident made the basis of this lawsuit and provide a summary of Defendant Driver's intended route, and time of departure.

7. If you contend that Defendant Driver was not in the course and scope of his/her employment at the time of the incident in question, please state the factual basis for that contention.

8. What percentage of time during the one year period prior to the incident in question was the Defendant Driver driving the vehicle involved in this incident or owned by the company over the speed limit? This information can be gathered from your DDEC reports.

9. When ECM date is downloaded on the Defendant Driver or was downloaded on the Defendant Driver during his employment, was that information passed both to the maintenance department and safety department for Defendant. If it was not passed to the safety department, please explain why not.

10. With respect to the Company's hiring and retention policies—what types of violations will disqualify an individual from being hired or cause an existing employee to be terminated? For any violations listed in response to this interrogatory, please identify the applicable time period the company utilizes when evaluating or checking on violations prior to employment or for retaining an existing employee.

11. Please list each company Defendant Driver worked for during the past 10 years. This information should be easily accessible as it is required to be provided under 49 C.F.R. § 391.21(b)(10)-(11).

10

12. If you contend that the incident in question was caused by anything but your driver's actions or inactions, identify what other causes contributed to the incident in question and give the factual basis for them.

13. If you contend Plaintiff was contributorily negligent, give the factual basis for that contention.

14. Please list all moving violations received by Defendant Driver for the past 30 months prior to the incident in question.

15. Was Defendant Driver operating a Vehicle that was carrying a load at the time the incident in question occurred? If not, identify when Defendant Driver was last carrying a load prior to the incident in question and where that load was delivered.

16. Was Defendant Driver involved in any interstate transportation of goods or materials in the six month period preceding the incident in question? If so, please identify the states.

17. What was the resolution of any citation issued to Defendant Driver for the incident in question?

18. Please list or describe all vehicular accidents involving Defendant Driver for the five year period prior to the accident made the basis of this lawsuit. In your response, please identify any disciplinary action, counseling or other corrective action taken by or on behalf of this Defendant against Defendant Driver in response to any vehicular accident(s).

19. Was Defendant Driver in compliance with his/her applicable Hours of Service for the eight days prior to the accident made the basis of this lawsuit? In your answer, please state which particular hours of service rules you contend apply to Defendant Driver, and what his total hours of service were for the eight days prior to the accident made the basis of this lawsuit, including on duty, drive time, sleeper berth time, etc.

20. If you contend that Defendant Driver is not or was not required to maintain a log book reflecting Hours of Service for the eight days prior to the accident made the basis of this lawsuit, please state the hours worked for each day, including driving time, distances and locations driven to and from.

21. Please list all DOT audits, including but not limited to date, performed against this Defendant within the past five (5) years and any violations issued as a result of such audit.

22. Please describe the hiring process of this Defendant. Specifically, when hiring drivers, what are not permissible past citations and/or violations which would cause a potential driver candidate to become "non-hirable." Please describe name of violation/citation, amount of violations/citations, and timeframe in which any violation/citation was received compared to time of application.

23. Please provide the cell phone numbers and carrier information for all people in the Vehicle at the time of the accident.

11

24.   What steps, if any, did the Defendant take to ensure that the Defendant Driver had no established medical history or clinical diagnosis of a respiratory dysfunction likely to interfere with his ability to control and drive a commercial motor vehicle safely.

25.   For any response you provided to a Request for Admission to which you did not respond "Admit" without qualification, please provide the legal and/or factual basis for any such denial and/or qualification to your response.

## III.

### Requests for Production

### A. Authorizations:

1.   Execute and produce the attached HIPPA authorization for Defendant Driver.

2.   Execute and produce the attached authorization for release of Defendant Driver's cell phone records.

### B. Insurance Coverage:

3.   Produce copies of all policies of insurance that cover the occurrences in question, including but not limited to, motor vehicle coverage(s), general liability coverage(s), and excess coverage(s), which were in effect on the date of accident made the basis of this suit.

4.   Produce all correspondence and any other related documents by and between Defendant and its insurance company which in any way relates to, directly or indirectly, coverage for Plaintiff's injuries and damages arising out of the accident made the basis of this suit.

### C. The Accident In Question:

5.   Produce copies of all incident and/or accident reports relating, referencing, or concerning the accident made the basis of this suit.

6.   Produce copies of all federal, county, city, state, police, or other governmental reports and/or investigations concerning or regarding the accident made the basis of this suit.

7.   Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident. This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

8.   Produce copies of all correspondence between you and any other person concerning the accident in question.

9.   Produce all witness statements relating to, referencing, or concerning the accident in question.

10.  Produce and all written or recorded statements, and summaries thereof, given or taken by any person in connection with the accident or the filing of this suit.

11.  Produce all photographs, videos, drawings, diagrams, reconstructions, or other depictions of the accident scene, Plaintiff, the vehicles involved in the accident, or other relevant objects that concern the accident question.

13

12.     Produce all correspondence, fax, memoranda, invoices, contracts, telephone messages and/or email by and between any and all parties to this case which in any way concerns, refers to, or relates to the accident in question.

13.     Produce all cell phone records (including text messages) for all people in the Vehicle at the time of the accident for the month before and after the accident in question.

14.     Produce Defendant Driver's cell phone records (including text messages) for the month before and after the accident in question, including the date of the incident in question.

15.     Produce a copy Defendant Driver's cell phone records (including text messages) for the twenty-four (24) hours preceding the incident and for the date of the incident. This should list calls and text messages made and/or received, dates, times, and durations of each.

16.     Produce all citations or warnings issued to Defendant and/or Defendant's Driver in connection with the incident in question.

17.     Produce all documents detailing how any citation issued to Defendant and/or Defendant's Driver as a result of the incident in question was resolved.

18.     Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant in reference to the accident.

19.     Produce all reports and written or electronically recorded statements made by Defendant and/or Defendant Driver to any other person, organization, entity, or governmental or regulatory agency or authority.

20.     Produce the entire investigation file of this Defendant, or its agents and/or representatives, prepared or assimilated prior to the date of filing of this lawsuit that relate to the accident question, Plaintiff, and/or Plaintiff's claims, injuries, and/or damages made the basis of this suit.

21.     Produce all final and/or draft root cause analysis and/or reports relating to the accident in question.

22.     Produce all documents which identify the members or participants in any accident investigation or root cause determination performed by Defendant on at the request of Defendant.

23.     Produce all investigation reports, root cause analysis and/or reports relating to the accident question created or reviewed by any third party.

**D. Defendant's Vehicle:**

24.     Produce copies of all ownership and registration papers relating to the Vehicle involved in the incident made the basis of this suit.

14

25.  Produce the Vehicle for inspection.

26.  Produce any and all photos of the Vehicle after the accident, depicting damage, points of impact, paint transfer, or other depiction of the subject crash.

27.  If the Vehicle has been repaired or modified since the time of the accident, produce any and all photos of the Vehicle post repair or modification.

28.  If the Vehicle has been repaired or modified since the time of the accident, produce any and all documents associated to the repairs and/or modifications performed, including specific details of work, where the work was performed, who the work was performed by, the cost of work, who approved the work, and any other relevant information to such work.

29.  If the Vehicle has been repaired or modified since the time of the accident, produce any and all documents associated to the request for work to be completed, including any internal communications regarding such work.

30.  Produce all documents identifying the ownership history of the Vehicle involved in the incident made the basis of this suit.

31.  Produce all repair/maintenance records for the Vehicle for the five (5) years prior to the incident made the basis of this suit.

32.  Produce all invoices, requisitions, logs and other similar documents that concern any repairs alterations, inspections, corrections and/or improvements to any part of the Vehicle for the five (5) years prior to the incident made the basis of this suit, including the date of the accident in question.

33.  Produce all invoices, requisitions, logs and other similar documents that concern any repairs alterations, inspections, corrections and/or improvements to any part of the Vehicle for the six (6) months following the incident made the basis of this suit.

34.  Produce all recall notices or service notifications relating to the Vehicle for the five (5) years prior to the incident made the basis of this suit.

35.  Produce all documentation relating to repair, maintenance, or upgrades made to the Vehicle in question relating to Proof that all recalls or service notifications for the Vehicle for the five (5) years prior to the incident made the basis of this suit, including the date of the accident in question.

36.  Produce copies of all trip and/or operational documents pertaining to the movement of cargo by Driver for the trip during which the accident occurred.

37.  Produce any and all on-board and remote recording devices that are meant to track any data, movement, or other similarly identified information generated by the truck involved in the underlying accident.  This request includes, but is not limited to, hubometer, tripmaster, Cadec, Qualcom, engine computer trip/data reports or similar device.

15

38.    Produce of all Electronic Control Module, ECM, and black box data reports for the Vehicle involved in the incident made the basis of this suit.

39.    Produce all raw data download from the ECM and black box for the Vehicle involved in the incident made the basis of this suit.

40.    Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, Qualcom data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of the Vehicle for the period commencing 30 days before the subject collision through and including 10 days after the subject collision, including the date of the accident in question.

41.    Produce all documents in your possession regarding any wireless satellite-based mobile communications systems present in the tractor or trailer involved in the incident underlying this lawsuit, especially documents reflecting any and all data transmissions (and the content thereof) made or received and occurring within a period of six hours before and after the incident in question, including the hour in which the accident in question occurred.

42.    Produce copies of all maintenance and/or repair logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

43.    Produce copies of all pre-trip inspection logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

44.    Produce copies of all scale and weight receipts and/or logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

45.    Produce copies of all driver's logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

46.    Produce copies of all mileage logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

47.    Produce copies of all pickup and/or delivery records for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

48.    Produce copies of all trip logs for the Vehicle for the preceding six (6) months prior to the incident made the basis of this suit, including the date of the accident in question.

49.    Produce copies of all maintenance and/or repair logs for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

50.    Produce copies of all pre-trip inspection logs for the Vehicle for the sixty (60) days

16

following the incident made the basis of this suit.

51. Produce copies of all scale and weight receipts and/or logs for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

52. Produce copies of all driver's logs for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

53. Produce copies of all mileage logs for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

54. Produce copies of all trip logs for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

55. Produce copies of all pickup and/or delivery records for the Vehicle for the sixty (60) days following the incident made the basis of this suit.

56. Produce all documents referencing any load Defendant Driver was transporting immediately prior to and/or at the time of the accident question.

**E. Defendant & Defendant's Driver:**

57. Produce copies of the Driver Qualification File (or files) maintained by Defendant on Defendant Driver.  In responding, please include the driver's:

   a. Application for Employment

   b. Medical Examination Report

   c. Medical Examiner's Certificate

   d. Record & Certificate of Road Test

   e. MVR for every year driver is employed

   f. Records of Violations/Annual Review Certificate

   g. Employment Eligibility Verification

   h. Photocopy of driver's Commercial Driver's License

58. Produce a copy of both sides of Defendant Driver's current driver's license(s).

59. Produce Defendant Driver's complete employment file.

60. Produce a copy of Defendant Driver's resume.

61. Produce a copy of Defendant Driver's employment application with Defendant and any materials, statements, documents, or other information submitted therewith.

17

62.  Produce copies of all pre-employment questionnaires and other documents secured from Defendant Driver prior to employment with Defendant.

63.  Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to Defendant Driver.

64.  Produce copies of all actual driver's road tests administered to Defendant Driver.

65.  Produce copies of all actual driver's written tests administered to Defendant Driver.

66.  Produce all training notes, certificates and attendance lists relative to Defendant Driver, regardless of the date issued or the originator of such certificates.

67.  Produce copies of all past employment inquiries sent to and/or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of Defendant Driver.

68.  Produce copies of all inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by the Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to Defendant Driver's traffic and accident record.

69.  Produce copies of all road and/or written test cards, medical cards, certification of driver qualification cards and any other motor carrier transportation related cards in the possession of the Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Defendant Driver or his co-driver(s) presently in their personal possession.

70.  Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in the driver qualification file of Defendant Driver.

71.  Produce all records referring to Defendant Driver prior and current employers.

72.  Produce all records referring to Defendant Driver concerning the criminal justice system.

73.  Produce copies of any contracts or agreements between you and Defendant Driver.

74.  Produce copies of any contracts or agreements between you and any person and/or entity claiming to employ Defendant Driver at the time of the incident made the basis of this suit.

75.  Produce copies of police reports for any other vehicular collisions or incidents in which the Defendant Driver was involved.

76.  Produce all roadside inspection reports for Defendant Driver for the past 3 years.

18

77.  Produce a copy of Defendant Driver's DOT performance reviews for the past 5 years.

78.  Produce a copy of all applications made by Defendant Driver for Motor Carrier Authority, including all OP-1 forms.

79.  Produce copies of all pre-employment questionnaires and other documents secured from Defendant Driver prior to employment with Defendant.

80.  Produce copies of all medical examinations, drug tests, and certification of medical examinations relating to Defendant Driver.

81.  Produce copies of all documents relating to any drug and/or alcohol testing of Defendant Driver, whether conducted before, after, or as a result of the accident in question.

82.  Produce the results of any drug test performed on Defendant Driver within the 32 hours immediately following the incident made the basis of this lawsuit.

83.  Produce the results of any alcohol or drug test performed on Defendant Driver within the 8 hours immediately following the incident made the basis of this lawsuit.

84.  Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to Defendant Driver.

85.  Produce a copy of the list and/or certificate of the record of violations for Defendant driver as required under 49 C.F.R. § 391.27(d).

86.  Produce a copy of all Defendant's performance reviews regarding Defendant Driver as required by 49 C.F.R. § 391.25 for the past 5 years.

87.  Produce a copy of all DDEC reports for Defendant Driver for a period of 1 year prior to the incident in question.

88.  Produce a copy of all XATA Systems reports for Defendant Driver for a period of 1 year prior to the incident in question.

89.  Produce a copy of all Qualcomm's SensorTRACS reports for Defendant Driver for the period of 1 year prior to the incident in question.

90.  Produce a copy of all Defendant Driver's MVR records for the past three years gathered from the requisite state agency under 49 C.F.R. § 391.23(a)(1).

91.  Produce a copy of all ECM data reports, including but not limited to DDEC reports, XATA Systems reports, and Qualcomm's SensorTRACS reports, for Defendant Driver for the period of 1 year prior to the incident in question

92.  Produce copies of all prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents, or loss reports or

19

records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to Defendant Driver.

93.   Produce copies of all law enforcement agencies, audits and/or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by Defendant Driver, or any of his co-driver(s).

94.   Produce copies of driver compliance inspections or warnings and traffic citations issued in reference to the activities of Defendant Driver, his co-driver(s), or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of the Defendant.

95.   Produce copies of any and all other accident and/or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Defendant Driver, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

96.   Produce copies of all time cards, time worked records or otherwise described work time records created by Defendant Driver for the period from 1 year prior to the date of accident to and including the date of accident.

97.   Produce copies of any and all of Defendant's notices, directives, bulletins, publications, and manuals of any type or otherwise described written instructions which pertain to the day-to-day commercial truck fleet operating and safety procedures to be followed by company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery or motor fleet safety in existence and which Defendant had in effect within one year of the underlying accident.

98.   Produce all inquiries and responses to state driving agencies and prior employers of Defendant Driver whether made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23 or made for other reasons.

99.   Produce all inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Driver, whether made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27 or made for other reasons.

100.   Produce copies of all other accident and/or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver, or his co-driver(s), or driver trainer, was the driver of a vehicle involved in the prior accidents or incidents.

101.   Produce a copy of Defendant Driver's DOT performance reviews for the past 5 years.

102.   Produce a copy of all applications made by Defendant Driver for Motor Carrier Authority,

20

including all OP-1 forms.

103. Produce all policies and procedures in place for investigations of accidents involving your vehicles or drivers.

104. If you contend that Defendant Driver was not in the course and scope of his employment at the time of the incident, provide all documents you possess to support such a contention.

105. If you contend that Defendant Driver was not a statutory employee pursuant to 49 CFR § 383.5, provide documents to support such a contention.

106. Produce copies of any contracts or agreements between you and any person and/or entity claiming to employ Defendant Driver at the time of the incident made the basis of this suit.

107. Produce copies of all documents, including policies and instruction manuals which the Defendants provide its employees during the hiring and/or orientation process and/or to contractors hired by you.

108. Produce copies of all manuals and test materials used by Defendants to monitor and evaluate the performance of its employees.

109. Defendant's operations, procedures, and employee manuals for the past five years.

110. Produce all of Defendant's driver handbooks for the past five years.

111. Produce all of Defendant's safety manuals for the past five years.

112. Produce all of Defendant's safety videos for the past five years.

113. Produce all of Defendant's safety presentations for the past five years.

114. Produce a copy of Defendant's accident investigation kit.

115. Produce a copy of Defendant pre-trip inspection checklist.

116. Produce a copy of all JSA's, safety meeting, or "toolbox talk" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents  for the month prior to the accident, including the date of the accident in question.

117. Produce a copy of all JSA's, safety meeting, or "toolbox talk" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents  for the month following the accident.

118. Produce copies of all written instructions, orders, or advice given to Defendant Driver in reference to cargo transported, load positioning and/or distribution, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant or any other persons or organizations for the trip during which the accident occurred.

119. Produce copies of all dispatch and/or operational records indicating assignment of

equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form for the trip during which the accident occurred. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of Defendant Driver.

120.   Produce copies of all checks or otherwise described negotiable instruments issued to Defendant Driver or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of the Defendant and concerning the trip during which the underlying accident occurred. Specifically, copies of both the "front and back" of each check and/or comchek issued to Defendant Driver, or any of his co-drivers is requested.

121.   Produce copies of all other "occupational or trip related documents" created or received by Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of the Defendant and relative to the operations, activities, movements, cargo and trips accomplished by Defendant Driver.

122.   Produce all Documents which identify what steps, if any, Defendant took to ensure that the Defendant Driver had no established medical history or clinical diagnosis which could interfere with his ability to control and drive a commercial motor vehicle safely.

123.   Produce all Documents which identify what steps, if any, Defendant took to ensure that the Defendant Driver had no established medical history or clinical diagnosis of a respiratory dysfunction likely to interfere with his ability to control and drive a commercial motor vehicle safely.

124.   Produce a copy of any and all accident registers or master ledgers of accidents which you maintain. Plaintiffs seek all such registers for the five years immediately prior to this subject collision through and including the date of said subject collision.

125.   Produce all documents concerning any remedial measures taken in regard to the policies and procedures in question after the events giving rise to this lawsuit

126.   Produce all documents relating to events that are substantially similar to the events giving rise to this lawsuit and relating to Defendant and/or Defendant Driver.

127.   Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegation set forth in Plaintiffs' latest petition.

**F.   Documents Relating to Plaintiff:**

128.   Produce all documents that concern, refer to, or relate to Plaintiff.

129.   Produce copies of any and all medical records obtained by Defendant pertaining to Plaintiff.

22

130.  Produce all reports prepared regarding treatment rendered to Plaintiff at or near the time of the incident made the basis of this lawsuit.

131.  Produce copies of all accident, injury, disability or injury reports on Plaintiff.

132.  Produce all medical records that refer to Plaintiff, including medical records that predate the occurrences in question.

133.  Produce copies of any and all employment records obtained by Defendant pertaining to Plaintiff.

134.  Produce all records referring to Plaintiff and relating Plaintiff's prior and/or current employers.

135.  Produce copies of any and all tax, social security, and/or IRS records obtained by Defendant pertaining to Plaintiff.

136.  Produce copies of all disability records obtained by Defendant pertaining to referencing Plaintiff.

137.  Produce copies of all workers' compensation obtained by Defendant pertaining to referencing Plaintiff.

138.  Produce all records referring to Plaintiff concerning the criminal justice system.

139.  Produce all written or recorded statements of Plaintiff taken by Defendant and/or any agent or representative of Defendant.

140.  Produce copies of any statements given to Defendant or Defendant Driver by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

141.  Produce copies of all documents concerning communications between you and Plaintiff.

142.  Produce all surveillance of the Plaintiff regardless of the medium.

143.  Produce photographs, tape recordings, reports, moving pictures, or video reproductions that represent surveillance of Plaintiff at any time.

144.  Produce all raw video footage of any surveillance of Plaintiff.

145.  Produce all photographs of any surveillance of Plaintiff.

146.  Produce all reports, briefs, and/or memos concerning surveillance of Plaintiff.

147.  Produce all communications regarding this case and surveillance of Plaintiff including all emails and correspondence.

148.  Produce all billing and time records of any person or firm performing any work on this case as it relates to surveillance of Plaintiff.

23

149. Produce all rendered videos of Plaintiff, including surveillance videos.

150. Produce all video raw footage stored on any media such as hard drives, optical disks, etc., regardless of format that relate to this case including surveillance of Plaintiff.

151. Produce all documents which identify all video and still photography equipment utilized in this case for surveillance of Plaintiff. This request includes manufacturer, model numbers and serial numbers.

152. Produce all documents which identify any computer used for video editing in this case, including any surveillance of Plaintiff. This request includes software identification and version used for editing.

153. Produce all documents which identity of all persons who participated in the editing and rendering of any video clips in this case, including surveillance of Plaintiff.

154. Produce all documents which identify of all persons who reviewed video and photographs in this case, including surveillance of Plaintiff.

155. Produce all documents which identify any locations for any surveillance conducted on Plaintiff.

156. Produce all cell phone records including text messages of persons doing the surveillance during the time of any surveillance conducted on Plaintiff.

157. Produce all notes or dictation regarding any surveillance conducted on Plaintiff.

158. Produce all documents and other materials reviewed for purposes of surveillance on Plaintiff.

**G. Expert Witnesses:**

159. Produce all summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

160. Produce all documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

161. Produce copies of all publications which any expert witness obtained or consulted by you has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

162. Produce copies of all documents evidencing communications between you and each expert witness who may testify at trial.

163. Produce a current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

24

164. Produce a current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

165. Produce a current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

166. Produce a current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

167. Produce all transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

168. Produce all transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

169. Produce a current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

170. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

171. Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

172. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

173. Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

**H. Other Document Requests:**

174. Produce all documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiff's Interrogatories to you.

175.   Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition

176.   Produce all documents evidencing the extent of damage, either physical or monetary, to Plaintiff.

177.   Produce all settlement agreements or other documents setting forth the terms and conditions of any settlement entered into by you or your insurer(s) with any party to this suit.

178.   Produce copies of any documents reflecting settlements, compromises, agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

179.   Produce all documents, contracts, correspondence and/or notes which concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

180.   Produce all documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendants.

181.   Produce a copy of Defendant's code of ethics.

182.   Produce a copy of Defendant's document retention policy.

183.   Produce a copy of the notice of representation letter this Defendant received from Plaintiff and/or Plaintiff's counsel, including the notice not to alter, spoil, or destroy relevant evidence associated to this incident.

## IV.

### Requests for Admission

1.    Admit you have been properly named in Plaintiff's most recently filed Petition/Complaint.

2.    Admit that Defendant Driver has been properly named in Plaintiff's most recently filed Petition/Complaint.

3.    Admit that venue is proper.

4.    Admit that this is a convenient forum.

5.    Admit that the Court in which this matter is pending has personal jurisdiction over you.

6.    Admit that the Court in which this matter is pending has subject matter jurisdiction over this matter.

7.    Admit that you have no basis in law or fact to assert as an affirmative defense, lack of personal jurisdiction.

8.    Admit that you have no basis in law or fact to assert as an affirmative defense, lack of subject matter jurisdiction.

9.    Admit that you have no basis in law or fact to assert as an affirmative defense, the running of an applicable statute of limitation in connection with any of Plaintiff's claims.

10.    Admit that you have no basis in law or fact to assert as an affirmative defense, comparative or contributory negligence of the Plaintiff in connection with any of Plaintiff's claims.

11.    Admit that you have no basis in law or fact to assert as an affirmative defense, sudden emergency in connection with any of Plaintiff's claims.

12.    Admit that you have no basis in law or fact to assert as an affirmative defense, that Plaintiff have failed to state a claim upon which relief can be granted.

13.    Admit that you have no basis in law or fact to assert as an affirmative defense, that Plaintiff assumed the risks of his/her injuries.

14.    Admit that you have no evidence to support as an affirmative defense, comparative or contributory negligence of the Plaintiff in connection with any of Plaintiff's claims.

15.    Admit that you have no evidence to support as an affirmative defense, sudden emergency in connection with any of Plaintiff's claims.

16.    Admit that you have no evidence to support as an affirmative defense, that Plaintiff

27

assumed the risks of his/her injuries.

17.   Admit that Defendant Driver was your employee at the time of the incident made the basis of this suit.

18.   Admit that Defendant Driver was in the course and scope of his employment with you at the time of the incident made the basis of this suit.

19.   Admit that Defendant Driver was authorized to operate your vehicle at the time made the incident made the basis of this suit.

20.   Admit there was an ECM installed in your vehicle involved in the incident made the basis of this suit.

21.   Admit there was a GPS system installed in your vehicle involved in the accident made the basis of this suit.

22.   Admit that the investigating officer(s) who responded to the scene of the accident in question was qualified to investigate the accident made the basis of this suit.

23.   Admit that the investigating officer(s) who responded to the scene of the accident in question utilized adequate methodologies when conducting his/her investigation of the accident made the basis of this suit.

24.   Admit that the factual findings made by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit are accurate and correct.

25.   Admit that the casual factors identified by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit are accurate and correct.

26.   Admit that you do not dispute any factual finding made by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit.

27.   Admit that you have made no effort to contact the police to dispute any factual finding made by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit.

28.   Admit that you do not dispute any causal factor identified by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit.

29.   Admit that you have made no effort to contact the police to dispute any causal factor identified by the investigating officer(s) in his/her police report created in connection to the accident made the basis of this suit.

30.   Admit that Defendant Driver gave a written statement related to the incident made the basis

28

of this suit.

31.   Admit that the Defendant Driver gave an oral statement related to the incident made the basis of this suit.

32.   Admit that you investigated the cause of the accident made the basis of this suit.

33.   Admit that you performed a root cause analysis relating to the accident made the basis of this suit.

34.   Admit that you hired or retained a third party to investigate the cause of the accident made the basis of this suit.

35.   Admit that you hired or retained a third party to investigate perform a root cause analysis of the accident made the basis of this suit.

36.   Admit that your investigation as to the cause of the accident made the basis of this suit concluded that Defendant Driver's conduct was a proximate cause of the accident in question.

37.   Admit that your investigation as to the cause of the accident made the basis of this suit concluded that Defendant Driver's conduct was the sole proximate cause of the accident in question.

38.   Admit that your investigation as to the cause of the accident made the basis of this suit concluded that Plaintiff's conduct was not a cause of the accident in question.

39.   Admit that the accident made the basis of this suit was avoidable.

40.   Admit that there were no sudden emergencies that were a proximate cause of the accident in question.

41.   Admit that Defendant Driver did not take any evasive action to avoid the accident made the basis of this suit.

42.   Admit that Defendant Driver did not apply the breaks of the vehicle he/she was operating in the 10 seconds before the accident made the basis of this suit.

43.   Admit that Defendant Driver was accelerating at the time of the accident made the basis of this suit.

44.   Admit that you Driver took photographs at the accident scene.

45.   Admit that Defendant Driver took photographs at the accident scene.

46.   Admit that Defendant Driver was talking on a cellphone at the time of the accident made

29

the basis of this suit.

47. Admit that Defendant Driver was texting at the time of the accident made the basis of this suit.

48. Admit that Defendant Driver had the stereo on at the time of the accident made the basis of this suit.

49. Admit that Defendant Driver was speeding proximately causing the accident made the basis of this suit.

50. Admit that Defendant Driver was driving an unsafe speed at the time of the accident made the basis of this suit.

51. Admit that Defendant Driver failed to maintain an adequate stopping distance at the time of the accident made the basis of this suit.

52. Admit that Defendant Driver failed to yield the right of way at the time of the accident made the basis of this suit.

53. Admit that Defendant Driver failed observe his/her surroundings at the time of the accident made the basis of this suit.

54. Admit that Defendant Driver failed to make a safe lane at the time of the accident made the basis of this suit.

55. Admit that Defendant Driver was speeding at the time of the accident made the basis of this suit.

56. Admit that Defendant Driver was driving an unsafe speed proximately causing the accident made the basis of this suit.

57. Admit that Defendant Driver failed to maintain an adequate stopping distance proximately causing the accident made the basis of this suit.

58. Admit that Defendant Driver failed to yield the right of way proximately causing the accident made the basis of this suit.

59. Admit that Defendant Driver failed observe his/her surroundings proximately causing the accident made the basis of this suit.

60. Admit that Defendant Driver failed to keep a proper look out proximately causing the accident made the basis of this suit.

61. Admit that Defendant Driver failed to make a safe lane change proximately causing the accident made the basis of this suit.

62.    Admit that Defendant Driver failed to take evasive action proximately causing the accident made the basis of this suit.

63.    Admit that Defendant Driver failed to exercise caution proximately causing the accident made the basis of this suit.

64.    Admit that Defendant Driver was under the intoxicated at the time of the accident made the basis of this suit.

65.    Admit that Defendant Driver consumed drugs, medicines, or alcoholic beverages within twenty-four (24) hours prior to accident made the basis of this suit.

66.    Admit that Defendant Driver was physically impaired at the time of the accident made the basis of this suit.

67.    Admit that Defendant Driver was mentally impaired at the time of the accident made the basis of this suit.

68.    Admit that Defendant Driver was visually impaired at the time of the accident made the basis of this suit.

69.    Admit that Defendant Driver was under the care of physician(s) and/or health care provider(s) at the time of the accident made the basis of this suit.

70.    Admit that Defendant Driver was subject to work restrictions and/or physical limitations at the time of accident made the basis of this suit.

71.    Admit that your vehicle was not properly maintained at the time of the accident made the basis of this suit.

72.    Admit that your vehicle was improperly loaded at the time of the accident made the basis of this suit.

73.    Admit that your vehicle was overloaded at the time of the accident made the basis of this suit.

74.    Admit that your vehicle was unsafely loaded at the time of the accident made the basis of this suit.

75.    Admit that Defendant Driver was not qualified to operate your vehicle at the time of the accident made the basis of this suit.

76.    Admit that Defendant Driver was inadequately trained at the time of the accident made the basis of this suit.

77.    Admit that you failed to adequately train Defendant Driver proximately causing the

31

accident made the basis of this suit.

78. Admit that you failed to adequately supervise Defendant Driver proximately causing the accident made the basis of this suit.

79. Admit that you negligently entrusted your vehicle to Defendant Driver proximately causing the accident made the basis of this suit.

80. Admit that you failed to adequately train your employee(s) proximately causing the accident made the basis of this suit.

81. Admit that you failed to adequately supervise your employee(s) proximately causing the accident made the basis of this suit.

82. Admit that you violated applicable, local, state, and/or federal laws and/or regulations proximately causing the accident made the basis of this suit.

83. Admit that Defendant Driver violated applicable, local, state, and/or federal laws and/or regulations proximately causing the accident made the basis of this suit.

84. Admit Defendant Driver received a citation in connection with the accident made the basis of this suit.

85. Admit you and/or Defendant Driver did not contest the citation issued to Defendant Driver in connection with the accident made the basis of this suit.

86. Admit you and/or Defendant Driver paid the fine associated with the citation issued to Defendant Driver in connection with the accident made the basis of this suit.

87. Admit that at all relevant times your conduct was negligent and was a proximate cause of the accident made the basis of this suit.

88. Admit that at all relevant times Defendant Driver's conduct was negligent and was a proximate cause of the accident made the basis of this suit.

89. Admit that at all relevant times your conduct was negligent per se and was a proximate cause of the accident made the basis of this suit.

90. Admit that at all relevant times Defendant Driver's conduct was negligent per se and was a proximate cause of the accident made the basis of this suit.

91. Admit that at all relevant times your conduct was reckless and was a proximate cause of the accident made the basis of this suit.

92. Admit that at all relevant times Defendant Driver's conduct was reckless and was a proximate cause of the accident made the basis of this suit.

32

93.    Admit that at all relevant times your conduct was grossly negligent and was a proximate cause of the accident made the basis of this suit.

94.    Admit that at all relevant times Defendant Driver's conduct was grossly negligent and was a proximate cause of the accident made the basis of this suit.

95.    Admit that Plaintiff sustained personal injuries and damages as a proximate result of your conduct.

96.    Admit that Plaintiff sustained personal injuries and damages as a proximate result of Defendant Driver's conduct.

97.    Admit that Plaintiff sustained personal injuries and damages as a proximate result of the accident made the basis of this suit.

98.    Admit that Plaintiff's conduct was not a proximate cause of the accident made the basis of this suit.

99.    Admit that Plaintiff had no relevant pre-existing medical conditions at the time of the accident made the basis of this suit.

100.    Admit that Plaintiffs were not under the influence of any medication, narcotic, or other intoxicating substance at the time of the accident made the basis of this suit.

101.    Admit that you have conducted video surveillance on the Plaintiff.

102.    Admit that you have conducted audio surveillance on the Plaintiff.

103.    Admit that you have conducted visual surveillance on the Plaintiff.

104.    Admit that you have obtained a written statement from the Plaintiff relating to the accident made the basis of this suit or Plaintiff resulting injuries or damages.

105.    Admit that you have obtained a recorded statement from the Plaintiff relating to the accident made the basis of this suit or Plaintiff resulting injuries or damages.

106.    Admit that you attempted to obtain a written and/or recorded statement from the Plaintiff relating to the accident made the basis of this suit or Plaintiff resulting injuries or damages.

107.    Admit that you have contacted the police regarding the accident made the basis of this suit.

108.    Admit that Plaintiff sustained injuries as a result of the accident made the basis of this suit.

109.    Admit that Plaintiff required necessary medical treatment as a result of the accident made the basis of this suit.

33

110. Admit that you maintain insurance that covers your liability in this lawsuit.

111. Admit that Defendant Driver maintains insurance that covers him/her for his/her liability in this lawsuit.

112. Admit that the medical, therapeutic, and/or pharmaceutical treatment received by Plaintiff since the accident made the basis of this suit was medically necessary, appropriate, reasonable, and causally related to the accident made the basis of this suit.

113. Admit that the cost of the medical, therapeutic, and/or pharmaceutical treatment received by Plaintiff since the accident made the basis of this suit was reasonable and customary for the treatment provided.

114. Admit that Plaintiff sustained lost wages as a direct and proximate result of your conduct.

115. Admit that Plaintiff sustained lost wages as a direct and proximate result of Defendant Driver's conduct.

116. Admit that Plaintiff sustained lost wages as a direct and proximate result of the accident made the basis of this suit.

117. Admit that Plaintiff sustained lost future earning capacity as a direct and proximate result of your conduct.

118. Admit that Plaintiff sustained lost future earning capacity as a direct and proximate result of Defendant Driver's conduct.

119. Admit that Plaintiff sustained lost future earning capacity as a direct and proximate result of the accident made the basis of this suit.

120. Admit that Plaintiff has paid and/or incurred medical and/or pharmaceutical expenses as a direct and proximate result of your conduct.

121. Admit that Plaintiff has paid and/or incurred medical and/or pharmaceutical expenses as a direct and proximate result of Defendant Driver's conduct.

122. Admit that Plaintiff has paid and/or incurred medical and/or pharmaceutical expenses as a direct and proximate result of the accident made the basis of this suit.

123. Admit that Plaintiff will continue to pay and/or incur medical and/or pharmaceutical expenses as a direct and proximate result of your conduct.

124. Admit that Plaintiff will continue to pay and/or incur medical and/or pharmaceutical expenses as a direct and proximate result of Defendant Driver's conduct.

125. Admit that Plaintiff will continue to pay and/or incur medical and/or pharmaceutical

34

expenses as a direct and proximate result of the accident made the basis of this suit.

126.   Admit that Plaintiff has sustained physical pain as a direct and proximate result of your conduct.

127.   Admit that Plaintiff has sustained physical pain as a direct and proximate result of Defendant Driver's conduct.

128.   Admit that Plaintiff has sustained physical pain as a direct and proximate result of the accident made the basis of this suit.

129.   Admit that Plaintiff will continue to sustain physical pain as a direct and proximate result of your conduct.

130.   Admit that Plaintiff will continue to sustain physical pain as a direct and proximate result of Defendant Driver's conduct.

131.   Admit that Plaintiff will continue to sustain physical pain as a direct and proximate result of the accident made the basis of this suit.

132.   Admit that Plaintiff has sustained mental anguish as a direct and proximate result of your conduct.

133.   Admit that Plaintiff has sustained mental anguish as a direct and proximate result of Defendant Driver's conduct.

134.   Admit that Plaintiff has sustained mental anguish as a direct and proximate result of the accident made the basis of this suit.

135.   Admit that Plaintiff will continue to sustain mental anguish as a direct and proximate result of your conduct.

136.   Admit that Plaintiff will continue to sustain mental anguish as a direct and proximate result of Defendant Driver's conduct.

137.   Admit that Plaintiff will continue to sustain mental anguish as a direct and proximate result of the accident made the basis of this suit.

138.   Admit that you have not paid for or made an offer to pay for any of Plaintiff lost wages arising from the accident made the basis of this suit.

139.   Admit that you have not paid for or made an offer to pay for any of Plaintiff's medical costs arising from the accident made the basis of this suit.

140.   Admit that you have made no offer to resolve or settle Plaintiff's claims.

35

**V.**

**Request of Disclosure**

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, request that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)   The correct names of the parties to the lawsuit;

(b)   The name, address, and telephone number of any potential parties;

(c)   The legal theories and, in general, the factual basis of your claims or defenses;

(d)   The amount and any method of calculating economic damages;

(e)   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)   For any testifying expert

    (1)   The expert's name, address, and telephone number;

    (2)   The subject matter on which the expert will testify;

    (3)   The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)   If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)   All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)   The expert's current resume and bibliography;

(g)   Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

36

(h)     Any discoverable settlement agreements described in Rule 192.3(g);

(i)     Any witness statements described in Rule 192.3(h);

(j)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kala Sellers*

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Kala F. Sellers
SBN: 24087519
ksellers@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

37

*Exhibit B*

CAUSE NO.  CV-0085645

| | | |
|---|---|---|
| CURTIS WILSON | Э | IN THE COUNTY COURT |
| | Э | |
| VS. | Э | |
| | Э | AT LAW NUMBER ONE (1) |
| HI TORK POWER, INC. AND BRETT RAGGIO | Э | |
| | Э | GALVESTON COUNTY, TEXAS |
| | Э | |
| | Э | |

# JURY DEMAND

On this day came the Plaintiff(s), herein by their attorney, and in open court demand a jury and having paid the jury fee; It is Ordered, Adjudged and Decreed by the court that this cause be and the same is placed on the jury docket for trial.

Signed: 11/27/2019 12:16 PM

Signed this, the _____ day of _____, A.D. 2019.

_____
**John Grady, Presiding Judge**
**County Court at Law No. 1**
**Galveston County, Texas**

Filed
11/27/2019 12:41:47
Dwight D. Sullivan
County Clerk
Galveston County, Texas

*Exhibit B*

# Dwight D. Sullivan

## County Clerk Galveston County

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested:  11/25/2019

Case Number:  CV-0085645

Galveston County - County Court at Law No. 1

Court:

**Type of Instrument to be served:**  Plaintiff's Original Petition

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To:  Brett Raggio

Address of Service:  103 Wilder Circle

City, State & Zip:  Lafayette, LA 70508

Agent (IF APPLICABLE)

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

- ☒ Citation
- ☐ Alias Citation
- ☐ Pluries Citation
- ☐ Citation by Publication
- ☐ Secretary of State Citation
- ☐ Notice
- ☐ Precept
- ☐ Rule 106 Service
- ☐ Subpoena

**Writs:**

- ☐ Attachment (Person)
- ☐ Attachment (Property)
- ☐ Order of Sale
- ☐ Certiorari
- ☐ Garnishment
- ☐ Habeas Corpus
- ☐ Injunction
- ☐ Temporary Restraining Order
- ☐ Possession (Person)
- ☐ Possession (Property)
- ☐ Abstract of Judgment
- ☐ Protective Order
- ☐ Scire Facias
- ☐ Sequestration
- ☐ Supersedeas
- ☐ Other (Please Describe):

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

☐ Send to Sheriff

Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable

☐ Civil Process Server (Include the name of the Authorized Person to pick-up):

☐ Call attorney for pick up (Phone Number):

☒ Mail to attorney at:    6009 Memorial Drive, Houston, Texas 77007
**(Please include a self addressed stamped envelope):**

☐ County Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name:  Kurt Arnold

Law Firm (if applicable):  Arnold & Itkin, LLP          Bar Number:  24036150

Address:  6009 Memorial Drive, Houston, Texas 77007

Phone Number:  713-222-3800      Email Address:  kbateam@arnolditkin.com

***Service will only be issued upon payment of costs***

Date Fees Paid:                  Amount:                  Method of Payment:

Signature of Attorney Requesting service:  /s/ Kurt Arnold

*Exhibit B*

# Dwight D. Sullivan

## County Clerk Galveston County

### REQUEST FOR ISSUANCE OF SERVICE

Date Requested: 11/25/2019

Galveston County - County Court at Law No. 1

Case Number: CV-0085645

Court:

**Type of Instrument to be served:** Plaintiff's Original Petition

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Hi Tork Power, Inc. c/o Jorge Tijerina Sr.

Address of Service: 1330 Shrub Oak Dr.

City, State & Zip: League City, Texas 77573

Agent (IF APPLICABLE) Jorge Tijerina Sr

### TYPE OF SERVICE TO BE ISSUED:

**Non Writs:**

- [x] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**

- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Order of Sale
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Abstract of Judgment
- [ ] Protective Order
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe):

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff

Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable

- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up):
- [ ] Call attorney for pick up (Phone Number):
- [x] Mail to attorney at: 6009 Memorial Drive, Houston, Texas 77007

**(Please include a self addressed stamped envelope):**

- [ ] County Clerk serve by certified mail

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Kurt Arnold

Law Firm (if applicable): Arnold & Itkin, LLP          Bar Number: 24036150

Address: 6009 Memorial Drive, Houston, Texas 77007

Phone Number: 713-222-3800          Email Address: kbateam@arnolditkin.com

***Service will only be issued upon payment of costs***

Date Fees Paid:                    Amount:                    Method of Payment:

Signature of Attorney Requesting service: /s/ Kurt Arnold

*Exhibit B*

County Court at Law No. 1  of Galveston County, Texas

**Case Information Statement**

**FILE COPY**

November 26, 2019

The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.

*******************************************************************************************************

Style:

**Curtis Wilson**

vs.

**Hi Tork Power, Inc. and Brett Raggio**

**Cause No. CV-0085645  Filed 11/25/19**

## Status Conference Set For
## 03/26/20  @ 1:30 P.M.

*******************************************************************************************************

| | |
|---|---|
| **Attorney for Petitioner or Pro Se** | **Attorney for Respondent or Pro Se** |
| **State Bar Number** | **State Bar Number** |
| **Address** | **Address** |
| **Phone Number** | **Phone Number** |
| **Fax Number** | **Fax Number** |

*******************************************************************************************************

Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

Estimated time for Discovery _____     Estimated time for Trial _____

Level 1            Level 2            Level 3

Signature of Attorney or Pro Se Party: _____     Date _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference

## Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

FILED

2019 NOV 26  AM 9: 25

COUNTY CLERK
GALVESTON

CITATION

*Exhibit B*

County Court at Law No. 1

🗄 **FILE COPY**

Curtis Wilson

vs.

Hi Tork Power, Inc. and Brett Raggio

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   Brett Raggio - is an individual who may be served at:

103 Wilder Circle
Lafayette, LA   70508

GREETING:

You have been sued. You may employ an attorney. **If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you.** Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable John Grady, County Court at Law No. 1 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON NOVEMBER 25, 2019, under DOCKET NO. CV-0085645, with the style of the cause being: Curtis Wilson vs. Hi Tork Power, Inc. and Brett Raggio.
The name and address of the plaintiff or the attorney of record is: Kurt B. Arnold, Arnold & Itkin LLP 6009 Memorial Drive Houston TX 77007. A copy of Plaintiff's Original Petition together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 27th day of November, 2019.



Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 1
Galveston County, Texas

By _____ /s/ *Amanda Noble* _____ Deputy
            Amanda Noble

========================================================
OFFICER'S OR AUTHORIZED PERSON'S RETURN
Came to hand on the _____ day of _____, 20___ at _____ o'clock ___.M., and executed in _____ County, Texas by delivering to each of the with named person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| Name | Date | Time | Place |
|------|------|------|-------|
|      |      |      |       |

FEES - Serving                          Name of Officer or Authorized Person

AMOUNT $ _____    _____ County, Texas

                                      By _____ Deputy

Authorized Person's Verification:
On this day personally appeared_____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on this, the _____ day of __F I L E D__, 20___.

_____          Notary's Name Printed: _____
Notary Public
In and For the State of Texas      Commission Expires: _____ 2019 NOV 27 AM 8:18

                                         *Dwight D. Sullivan*
                                         COUNTY CLERK
                                         GALVESTON COUNTY, TEX.

*Exhibit B*

CITATION

DOCKET NO. CV-0085645

County Court at Law No. 1

Curtis Wilson

vs.

Hi Tork Power, Inc. and Brett Raggio

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   Hi Tork Power, Inc. - may be served by serving:

Registered Agent - Jorge Tijerina Sr
1330 Shrub Oak Drive
League City, Texas   77573

GREETING:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable John Grady, County Court at Law No. 1 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON NOVEMBER 25, 2019, under DOCKET NO. CV-0085645, with the style of the cause being: Curtis Wilson vs. Hi Tork Power, Inc. and Brett Raggio.

The name and address of the plaintiff or the attorney of record is: Kurt B. Arnold, Arnold & Itkin LLP 6009 Memorial Drive Houston, TX   77007. A copy of Plaintiff's Original Petition together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 27th day of November, 2019.

Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 1
Galveston County, Texas

By _____/s/  Amanda Noble_____ Deputy
Amanda Noble

===================================================================
OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the 22 day of January, 2020 at 1:21 o'clock P.M., and executed in GALVESTON County, Texas by delivering to each of the with named person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit: FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, ADMISSION, DISCLOSURES

| Name | Date | Time | Place |
|---|---|---|---|
| JORGE TIJERINA | 2/1/20 | 9:25 am | 2123 RIVERSIDE DRIVE LEAGUE CITY, TX 77573 |

FEES - Serving                                      Name of Officer or Authorized Person



AMOUNT $_____                      GALVESTON County, Texas

Darren Donovan
Process Server
PSC-3056
Exp. 04/30/2020

By _____John D. Donovan_____ ~~Deputy~~

Authorized Person's Verification:
On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me on this, the 3 day of February, 2020.

Karen Dupriest
Notary Public
In and For the State of Texas

Notary's Name Printed: KAREN DUPRIEST

Commission Expires: 8-15-2021



KAREN DUPRIEST
Notary Public
STATE OF TEXAS
ID#131245115
My Comm. Exp. Aug. 15, 2021

*Exhibit B*

CAUSE NO. CV-0085645

| CURTIS WILSON | § | COUNTY COURT AT LAW |
|---|---|---|
| | § | |
| v. | § | NO. 1 |
| | § | |
| HI TORK POWER, INC. | § | |
| AND BRETT RAGGIO | § | GALVESTON COUNTY, TEXAS |

<u>AFFIDAVIT OF SERVICE ON HI TORK POWER, INC.</u>

Being duly sworn, affiant states as follows:

1. My name is Darren G. Donovan. I am over eighteen years of age. I have never been convicted of a felony or crime involving moral turpitude. I am fully competent to make this affidavit. My current business address is Pipkins Investigation Company, 9800 Northwest Freeway, Suite 306, Houston, TX. 77092, (713/682-1133). I am not a party to this case. I have no interest in the outcome of this styled and numbered case. I am on the approved Texas Supreme Court private process servers authorized list, SCH # 3056, expires 04/30/2020. I am a licensed private investigator in the State of Texas.

2. At 9:25 a.m. on February 1, 2020, I personally served a Citation, Plaintiffs Original Petition, Plaintiffs First Set of Interrogatories, Plaintiffs Request for Production, Plaintiffs Request for Admissions, Plaintiffs Request for Disclosures upon Hi Tork Power, Inc. by delivering to Jorge Tijerina at 2123 Riverside Drive, League City, Texas 77573.

By: _____
Darren G. Donovan



**Darren Donovan**
Process Server
PSC-3056
Exp: 04-30-2020

| State of Texas | § | |
|---|---|---|
| | § | |
| County of Harris | § | |

Before me, <u>Darren G. Donovan</u> personally appeared, and after being first duly sworn declared that the statements made herein are true and correct.

Subscribed and sworn before me this _____3rd_____ day of February 2020.

_____
Notary of Public

KAREN DUPRIEST
Notary Public
STATE OF TEXAS
ID#131245115
My Comm. Exp. Aug. 15, 2021

*Exhibit B*

Filed
2/26/2020 1:33 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO. CV-0085645

| | | |
|---|---|---|
| **CURTIS WILSON** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **HI TORK POWER, INC.** | § | |
| **AND BRETT RAGGIO** | § | **GALVESTON COUNTY, TEXAS** |

## <u>DEFENDANT'S ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant **HI TORK POWER, INC.** files this Answer to Plaintiff's Petition and all subsequent supplemental and/or amended petitions filed against her and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Petition, and demands strict proof thereof.

### II.

Pleading further and in the alternative, Defendant asserts to the extent applicable that Plaintiff's negligence and negligent entrustment claims are improper as Brett Raggio was not acting in the course and scope of employment with Defendant at the time of the accident; was not an employee who was improperly trained or who lacked the proper education, background, training, or experience to safely operate the vehicle; and was not an incompetent and/or reckless driver at the time Defendant allegedly entrusted the subject vehicle to him. Defendant further denies that, to the extent applicable, Defendant was aware that Brett Raggio was an incompetent and/or reckless driver at the time Defendant allegedly entrusted the subject vehicle to him.

*Exhibit B*

## III.

With respect to Plaintiff's negligence *per se* claim, that claim being expressly and wholly denied, Defendant would show that the statutory bases of such claim are not ones for which tort liability may be imposed when violated, do not establish or create a different standard than common law ordinary care, and, to the extent applicable, were not the proximate cause of Plaintiff's injuries when allegedly violated.

## IV.

Pleading further and in the alternative, and with respect to Plaintiff's gross negligence/exemplary damages claim, that claim being expressly and wholly denied, Defendant would show that Plaintiff's injuries did not result from gross negligence attributable to Defendant.

## V.

Pleading further and in the alternative, and with respect to Plaintiff's claim seeking punitive or exemplary damages herein, Defendant asserts the limitations of Chapter 41 of the Civil Practice and Remedies Code.

## VI.

For any claims for punitive damages and/or prejudgment interest, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code.  Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

## VII.

Defendant reserves the right to amend this Answer pursuant to the said Rules of Civil Procedure.

*Exhibit B*

For these reasons, Defendant prays that it be released and discharged of the charges filed against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

GERMER PLLC

By: _____
      **GREGORY M. HOWARD**
      State Bar No. 24042989
      ghoward@germer.com
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile

      **ATTORNEY FOR DEFENDANT,**
      **HI TORK POWER, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 26th day of February, 2020.

_____
**GREGORY M. HOWARD**

*Exhibit B*

**Envelope ID :41171082**

**Case Number : CV-0085645**

**Case Type**

| | |
|---|---|
| **Jurisdiction :** Galveston County - County Court at Law No. 1 | **Case Category :** Civil – Injury or Damage |
| **Case Type :** Motor Vehicle Accident | **Filer Type :** Not Applicable |
| **Payment Account :** File & ServeXpress CC | **Attorney :** Gregory Howard |
| **Case Number :** CV-0085645 | |
| **Client Matter ID :** 100943 | **Date Filed :** 2/26/2020 01:33:36 PM |

**Parties    3**

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Defendant | Brett Raggio | 103 Wilder Circle , Lafayette , Louisiana , 70508 |
| ☑ | Defendant | Hi Tork Power, Inc. | Registered Agent - Jorge Tijerina, Sr. , 1330 Shrub Oak Dr. , League City , Texas , 77573 |
| | Plaintiff | Curtis Wilson | |

**Documents**

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| Submitted<br>cancel | Answer/Response (Lead Document)<br>**Note to Clerk:** | Defendant's Answer | WILSON-Answer Hi Tork.pdf | | | | Contains sensitive data | Defendant's Answer | $0.00 |
| Submitted<br>cancel | No Fee Documents (Lead Document)<br>**Note to Clerk:** | Demand for Jury Trial | WILSON-Jury Demand.pdf | | | Jury Fee(1 * $40.00) | Contains sensitive data | Demand for Jury Trial | $40.00 |

**Responsible for Filing Fees :** Hi Tork Power, Inc.

**Send Accepted Notifications To:**

**Service Contact 6**

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|---|---|
| No | Amber Zayas | azayas@germer.com | | | Yes | Hi Tork Power, Inc. | | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | | | Yes | Hi Tork Power, Inc. | Sent | Unopened |

*Exhibit B*

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|--------|------|---------------|---------|---------------------|--------|-------------|--------|-------------|
| Yes | Crystal DeLeon | cdeleon@arnoldidtkin.com | | | Yes | Curtis Wilson | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | | | Yes | Hi Tork Power, Inc. | | Unopened |
| No | Greg Howard | ghoward@germer.com | | | Yes | Hi Tork Power, Inc. | | Unopened |
| Yes | Kurt Arnold | e-service@arnoldtkin.com | | | Yes | Curtis Wilson | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| Total Mail Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

*Exhibit B*

Filed
2/26/2020 1:33 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## CAUSE NO. CV-0085645

| | | |
|---|---|---|
| **CURTIS WILSON** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **HI TORK POWER, INC.** | § | |
| **AND BRETT RAGGIO** | § | **GALVESTON COUNTY, TEXAS** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HI TORK POWER, INC.**, Defendant herein and demands a trial by jury.  The requisite jury fee has already been paid by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____

**GREGORY M. HOWARD**
State Bar No. 24042989
ghoward@germer.com
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEY FOR DEFENDANT,**
**HI TORK POWER, INC.**

*Exhibit B*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 26th day of February, 2020.

**GREGORY M. HOWARD**

*Exhibit B*

## Envelope ID :41171082

## Case Number : CV-0085645

## Case Type

| | |
|---|---|
| **Jurisdiction :** Galveston County - County Court at Law No. 1 | **Case Category :** Civil – Injury or Damage |
| **Case Type :** Motor Vehicle Accident | **Filer Type :** Not Applicable |
| **Payment Account :** File & ServeXpress CC | **Attorney :** Gregory Howard |
| **Case Number :** CV-0085645 | |
| **Client Matter ID :** 100943 | **Date Filed :** 2/26/2020 01:33:36 PM |

## Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Defendant | Brett Raggio | 103 Wilder Circle , Lafayette , Louisiana , 70508 |
| ☑ | Defendant | Hi Tork Power, Inc. | Registered Agent - Jorge Tijerina, Sr. , 1330 Shr ub Oak Dr. , League City , Texas , 77573 |
| | Plaintiff | Curtis Wilson | |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| Submitted  cancel | Answer/Res ponse (Lead Document) **Note to Cler k:** | Defendant's Answe r | WILSON-Answer Hi Tork.pdf | | | | Contains sensitive data | Defendant's Answe r | $0.00 |
| Submitted  cancel | No Fee Docu ments (Lead Document) **Note to Cler k:** | Demand for Jury Tr ial | WILSON-Jury De mand.pdf | | | Jury Fee(1 * $4 0.00) | Contains sensitive data | Demand for Jury Tri al | $40.00 |

**Responsible for Filing Fees :** Hi Tork Power, Inc.

**Send Accepted Notifications To:**

## Service Contact 6

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|---|---|
| No | Amber Zayas | azayas@germer.co m | | | Yes | Hi Tork Power, Inc. | | Unopened |
| Yes | Christine Hernan dez | chernandez@germ er.com | | | Yes | Hi Tork Power, Inc. | Sent | Unopened |

*Exhibit B*

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|---|---|---|---|---|---|---|---|---|
| Yes | Crystal DeLeon | cdeleon@arnolditkin.com | | | Yes | Curtis Wilson | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | | | Yes | Hi Tork Power, Inc. | | Unopened |
| No | Greg Howard | ghoward@germer.com | | | Yes | Hi Tork Power, Inc. | | Unopened |
| Yes | Kurt Arnold | e-service@arnolditkin.com | | | Yes | Curtis Wilson | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|---|---|
| Case Initiation Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| Total Mail Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

*Exhibit B*

## Case Information

CV-0085645 | Curtis Wilson vs. Hi Tork Power, Inc. and Brett Raggio

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV-0085645 | County Court at Law No. 1 | Grady, John |

| File Date | Case Type | Case Status |
|---|---|---|
| 11/25/2019 | Injury or Damage - Motor Vehicle | Filed/Open |

## Party

Plaintiff
Wilson, Curtis

Active Attorneys▾
Lead Attorney
Arnold, Kurt B.
Retained

Defendant
Hi Tork Power, Inc.

Address
Registered Agent - Jorge Tijerina, Sr.
1330 Shrub Oak Dr.
League City TX 77573

Active Attorneys▾
Lead Attorney
Howard, Gregory M.
Retained

Defendant
Raggio, Brett

Address
103 Wilder Circle
Lafayette LA 70508

*Exhibit B*

## Events and Hearings

11/25/2019 Original Petition (OCA) ▾

Original Petition (OCA)

11/26/2019 Status Conference ▾

Status Conference

11/26/2019 Request ▾

Request For Citation

Comment
PAID

11/26/2019 Request ▾

Request For Citation

Comment
PAID

11/27/2019 Demand For Jury Trial ▾

Demand for Jury Trial

11/27/2019 Status Conference ▾

Status Conference

11/27/2019 Citation - Service▾

Anticipated Server
Private Process Server

Anticipated Method
In Person

Actual Server
Private Process Server

Returned
02/03/2020 12:51 PM

Anticipated Server
Private Process Server

Anticipated Method
In Person

Comment
Mailed to attorney 6009 Memorial Drive, Houston, Texas 77007

02/26/2020 Original Answer

*Exhibit B*

02/26/2020 Request For Jury Trial

02/26/2020 Proposed Order ▾

Proposed Demand for Jury Trial

Comment
Demand For Jury Trial

03/26/2020 Status Conference ▾

Judicial Officer(s)
Grady, John, Grady, John

Hearing Time
1:30 PM

## Financial

Wilson, Curtis

| | | | | |
|---|---|---|---|---:|
| Total Financial Assessment | | | | $323.00 |
| Total Payments and Credits | | | | $323.00 |
| 11/26/2019 | Transaction Assessment | | | $297.00 |
| 11/26/2019 | Payment | Receipt # 2019-21526-CC | Wilson, Curtis | ($297.00) |
| 11/26/2019 | Transaction Assessment | | | $13.00 |
| 11/26/2019 | Payment | Receipt # 2019-21545-CC | Wilson, Curtis | ($13.00) |
| 11/26/2019 | Transaction Assessment | | | $13.00 |
| 11/26/2019 | Payment | Receipt # 2019-21546-CC | Wilson, Curtis | ($13.00) |

Hi Tork Power, Inc.

| | |
|---|---:|
| Total Financial Assessment | $40.00 |

*Exhibit B*

| | | | | |
|---|---|---|---|---|
| | Total Payments and Credits | | | $40.00 |
| 2/26/2020 | Transaction Assessment | | | $40.00 |
| 2/26/2020 | Payment | Receipt # 2020-1700-CC | Hi Tork Power, Inc. | ($40.00) |

## Documents

Original Petition (OCA)

Demand for Jury Trial

Request For Citation

Request For Citation

Status Conference

Raggio, Brett - Citation - Service

Status Conference

Hi Tork Power, Inc. - Citation - Service

Proposed Demand for Jury Trial